# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY JOHNS,<br><br>                     Petitioner,<br><br>vs.<br><br><br><br><br><br>LARRY SMALL, Warden, et al.,<br><br>                     Respondent. | CASE NO. 10cv749-MMA (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**;<br><br>[Doc. No. 16]<br><br>**GRANTING RESPONDENT'S MOTION TO DISMISS**;<br><br>[Doc. No. 13]<br><br>**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**<br><br>[Doc. No. 1]<br><br>**DENYING CERTIFICATE OF APPEALABILITY** |

     Petitioner Gerry Johns, proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a prison disciplinary proceeding which resulted in the forfeiture by Petitioner of ninety days of good time credit. Respondent filed a motion to dismiss the petition [Doc. No. 13], which Petitioner opposes [Doc. No. 15]. The matter is currently before the Court for review of the Report and

Recommendation issued by United States Magistrate Judge Barbara Lynn Major recommending that the motion be granted and the petition be dismissed with prejudice [Doc. No. 16].

### DISCUSSION

Under 28 U.S.C. § 636(b)(1), in reviewing a magistrate judge's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Petitioner has filed objections to the Report and Recommendation [Doc. No. 17].

Having read and considered the underlying petition, the Report, and Petitioner's objections thereto, the Court **OVERRULES** Petitioner's objections and concludes that the Report presents a well-reasoned analysis of the issues and properly recommends that the petition be dismissed with prejudice. As explained in the Report and Recommendation, Petitioner cannot state a claim for a violation of his Due Process rights because the challenged prison disciplinary proceedings did not implicate a federally protected liberty interest. The decision led to the forfeiture of time credits, but that forfeiture will not inevitably affect Petitioner's duration of confinement because he is serving an indeterminate sentence of 16 years to life, of which he has served almost 30 years. He is long past his minimum parole date and his parole suitability will depend on a myriad of circumstances. The Report also correctly notes that in this case the question is not whether the claim ought to be pursued in civil rights rather than in habeas, but rather whether there is a due process claim at all. The undersigned agrees with the magistrate judge and concludes there is not.

### CERTIFICATE OF APPEALABILITY

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional righ" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at

484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  For the reasons set forth in the Report and Recommendation, Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability should not issue in this action.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety.  The Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition with prejudice.  No certificate of appealability shall issue.  The Clerk of Court shall enter judgment accordingly and terminate this action.

**IT IS SO ORDERED**.

DATED:  May 27, 2011

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge